UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SHONDRE TYREESE TUCKER,

        Petitioner,               Case No. 1:16-cv-864

v.                                      Honorable Paul L. Maloney

BONITA HOFFNER,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; see 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; see Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. Carson v. Burke, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may sua sponte dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). Day v. McDonough, 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.   Factual Allegations

Petitioner Shondre Tyreese Tucker is incarcerated at the Lakeland Correctional Facility. He pleaded *nolo contendere* in the Calhoun County Circuit Court to one count of armed robbery, MICH. COMP. LAWS § 750.529; one count of assault with intent to rob while armed, MICH. COMP. LAWS § 750.84; one count of being a felon in possession of a firearm, MICH. COMP. LAWS § 750.224; and three counts of possession of a firearm during the commission of a felony (felony-firearm), MICH. COMP. LAWS § 750.227b. On May 21, 2010, the trial court sentenced Petitioner to concurrent prison terms of 262 to 480 months for the robbery and assault convictions and 30 to 90 months for the felon-in-possession conviction, and three consecutive 2-year terms for the felony-firearm convictions.

Petitioner did not pursue a direct appeal of his conviction. In 2014, Petitioner filed a motion for relief from judgment in the Calhoun County Circuit Court, raising the same four claims now presented in his habeas petition. The court denied his motion on March 20, 2015. The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's applications for leave to appeal on August 9, 2015 and May 29, 2016, respectively.

Petitioner filed his application on or about July 5, 2016,[1] raising the following four claims:

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on July 5, 2016, and it was received by the Court on July 6, 2016. Thus, it must have been handed to prison officials for mailing on July 5 or 6. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

> I. Petitioner's conviction for both armed robbery and assault with intent to rob while armed violates double jeopardy.
>
> II. Petitioner is entitled to be resentenced because the court sentenced him on inaccurate information.
>
> III. Petitioner is entitled to resentecing under the U.S. Supreme Court ruling in *Alleyne v. United States*.
>
> IV. Petitioner was denied his Sixth Amendment right to the effective assistance of appellate counsel.

(Amend. Pet., ECF No. 4, PageID.39-43.)

## II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner was sentenced on May 21, 2010. He did not file a direct appeal of his conviction to either the Michigan Court of Appeals or the Michigan Supreme Court. Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added). Petitioner had one year, until May 21, 2011, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(F)(3). Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, his conviction became final when his time for seeking review in that court expired. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (holding that a defendant's conviction became final when the time for seeking review under Mich. Ct. R. 7.205(F)(3) expired); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time expires for seeking state-court review). Petitioner, therefore, had one year from May 21, 2011, until May 21, 2012, to file his habeas

application. Petitioner filed on June 5, 2016, nearly four years after the time for direct review expired. Thus, his application is time-barred.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired in 2011, his collateral motion filed in 2014 cannot serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."

*Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner claims that he did not file a direct appeal due to erroneous advice of his appellate counsel. In his amended petition (ECF No. 4, PageID#43), Petitioner contends that his appointed appellate counsel told him that no appeal could be taken because Petitioner pleaded guilty. However, in his original petition (ECF No. 1, PageID#21), Petitioner alleges that appellate counsel informed him that he found no issues worthy of appeal. "Tolling based on counsel's failure to satisfy AEDPA's statute of limitations is available only for 'serious instances of attorney misconduct.'" *Christeson v. Roper*, 135 S. Ct. 891, 894 (2015) (quoting *Holland v. Florida*, 560 U.S. 631, 651-52 (2010)). Even if Petitioner could show that counsel's failure to file an appeal constituted serious misconduct, Petitioner does not provide any explanation whatsoever for his four-year delay in filing a motion for relief from judgment raising claims that he contends were obvious from the court record. As a result, this Court cannot find that Petitioner has been pursuing his rights diligently. *See Keeling v. Warden*, 673 F.3d 452, 463-64 (6th Cir. 2012) (the petitioner was not entitled to equitable tolling notwithstanding his attorney's failure to notify him that the appellate court had affirmed his conviction, thereby triggering the statute of limitations, because the petitioner waited three years before taking any action); *Robinson v. Easterling*, 424 F. App'x 439, 443 (6th Cir. 2011) (holding that a petitioner who waited 18 months to take action had not been sufficiently diligent). Morever, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005);

*Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.") Petitioner, therefore, is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

Petitioner pleaded *nolo contendere* to the armed robbery and assault charges, but now contends that he is "innocent" of the assault charge because it is the same as the robbery charge. "A petitioner may claim actual innocence for the purposes of equitable tolling, even if his conviction was the result of a plea." *Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Waucaush v. United States*, 380 F.3d 251, 258 (6th Cir. 2004) (finding petitioner actually innocent of charge to which he pled guilty). In such cases, a petitioner must "support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner's assertion that his convictions

for both armed robbery and assault violate the Double Jeopardy does not equate with factual innocence. He proffers no new, reliable evidence that he is innocent of the assault offense for which he pleaded guilty. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: September 13, 2016            /s/ Ray Kent
                                     RAY KENT
                                     United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).