UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHONDRE TYREESE TUCKER,<br>    Petitioner,<br><br>-v-<br><br>BONITA HOFFNER,<br>    Respondent. | No. 1:16-cv-864<br><br>HONORABLE PAUL L. MALONEY |

# ORDER

On September 13, 2016, the Magistrate Judge issued a report and recommendation (ECF No. 6), which "recommend[ed] that the habeas corpus petition be denied because it is barred by the one-year statute of limitations." (*Id.* at PageID.62.)

## I. STATEMENT OF FACTS

Petitioner takes no issue with the factual timeline that the Magistrate Judge lays out. Since Petitioner only lodges objections that, at most, insufficiently sound in equitable tolling, the Court **ADOPTS** the Magistrate Judge's report. (ECF No. 6.)

## II. LEGAL FRAMEWORK

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those

1

objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

III. ANALYSIS

Petitioner asserts that he is entitled to equitable tolling on his "actual innocence claim"[1] because his constitutional rights were violated, under double jeopardy, when he was convicted of assault with intent to rob while armed *and* armed robbery. (ECF No. 7 at PageID.64.) This double-jeopardy claim is the same basis for Petitioner's four objections to the Magistrate Judge's report and recommendation. (*Id.* at PageID.64-66.) However, the Court will note that Petitioner's arguments have already been directly refuted by the Magistrate Judge, and the objections do not "pinpoint those portions of the magistrate's report that the district court must specifically consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are too general).

---

[1] Petitioner's first claim is not a true "actual innocence claim," but rather sounds in double jeopardy.

The one-year statute of limitations period runs from the latest of several periods. *See* 28 U.S.C. § 2244(d). In this case, Petitioner was sentenced on May 21, 2010 and had one year, until May 21, 2011, to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(F)(3). Since Petitioner failed to timely appeal to the Michigan Court of Appeals, his conviction became final when his time for seeking review with that court expired. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (holding that a defendant's conviction became final when the time for seeking review under Mich. Ct. R. 7.205(F)(3) expired). Therefore, Petitioner had one year, from May 21, 2011 until May 21, 2012, to file his habeas application. The subsequent state collateral review filing in 2014 does not renew the limitations period; it could only serve to toll, or pause, a clock that has not yet expired. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). He filed his petition on July 5, 2016, over four years after the time to file expired. Thus, Petitioner's application is time-barred.

A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner alleges that he did not file a direct appeal based on the erroneous advice of his appellate counsel. "Tolling based on counsel's failure to satisfy [habeas] statute of limitations is available only for 'serious instances of attorney misconduct.'" *Christeson v. Roper*, 135 S. Ct. 891, 894 (2015) (quoting *Holland*, 560 U.S. at 651-52). Even if the Court could consider his counsel's advice constituted serious misconduct, Petitioner provides no explanation for his four-year delay in

filing a motion for relief from judgment. As a result, this Court cannot find that Petitioner has been pursuing his rights diligently. *See Keeling v. Warden*, 673 F.3d 452, 463-64 (6th Cir. 2012) (the petitioner was not entitled to equitable tolling notwithstanding his attorney's failure to notify him that the appellate court had affirmed his conviction, thereby triggering the statute of limitations, because the petitioner waited three years before taking any action); *Robinson v. Easterling*, 424 F. App'x 439, 443 (6th Cir. 2011) (holding that a petitioner who waited 18 months to take action had not been sufficiently diligent). Therefore, Petitioner is not entitled to equitable tolling of the statute of limitations.

If a habeas petitioner can show actual innocence under the stringent standard in *Schlup v. Delo*, 513 U.S. 298 (1995), then he may be excused from the statute of limitations time bar under the miscarriage-of-justice exception. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013). Under the actual innocence exception, a petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Since this standard is an exception and not a basis for equitable tolling, a petitioner does not need to show reasonable diligence in bringing the claim; however, a court may consider timing while determining the credibility of the evidence of actual innocence. *McQuiggin*, 133 S. Ct. at 1936.

Petitioner, here, pleaded to the charges and was convicted, but now baldly asserts that he is "innocent" of the assault charge because it is the same as the robbery charge. (ECF No. 7 at PageID.64-65.) In order to state an actual innocence claim, a petitioner must "support

4

his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. As stated in the Magistrate Judge's report and recommendation (ECF No. 6 at PageID.61-62), Petitioner's present assertion that his convictions violate the Double Jeopardy doctrine is not the same as asserting factual innocence. There is no new reliable evidence offered demonstrating that Petitioner is innocent of the assault charge. Thus, he has failed to show actual innocence under the *Schlup* standard, and his petition is not excused from the statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Therefore, Petitioner's habeas petition is time-barred.

## IV. CONCLUSION

The Court **OVERRULES** Petitioner's objections as waived and in any event, non-meritorious. (ECF No. 7.) The Report and Recommendation is **ADOPTED** in full as the opinion of this Court. (ECF No. 6.)

### CERTIFICATE OF APPEALABILITY

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam).

A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate

to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009).

Petitioner has advanced no objection that would warrant equitable tolling or an exception to the one-year statute of limitations—and no reasonable jurist would debate this conclusion. Thus, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:   June 2, 2017                             /s/ Paul L. Maloney
                                                                             Paul L. Maloney
                                                                             United States District Judge